Myshko et ux., Appellants, v. Galanti.

Argued April 27, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

reargument refused October 18, 1973.

*Michael Pepe, Jr.,* for appellants.

*Morris Passon,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, September 19, 1973:

This is an appeal from a decree of the court below dismissing the appellants' complaint in equity.

This controversy arose out of an alleged oral contract for the sale of the appellants' business, Richmond Linen Supply Company, to the appellee. According to the appellants' complaint, the parties entered into an oral agreement which provided that, in exchange for $59,800 payable in installments, the appellants would transfer their business to the appellee. All merchandise, equipment, customer lists, goodwill, rights to the use of the business name and covenants by the appellants not to compete were allegedly included in the sale. The complaint further alleges that, after the appellants completed their obligations under the contract by transferring the business, the appellee, who had paid only $5,-000, repudiated the contract and refused to make further payments. When the appellee stopped making payments under the alleged contract, the appellants filed a complaint in assumpsit to recover the full purchase price bargained for in the agreement.* The appellee's answer to the complaint in assumpsit denied the existence of an agreement. The appellee's position in the assumpsit action is that, while there had been oral negotiations for the sale of the appellants' business, no agreement was ever reached.

While the assumpsit action was still pending, the appellants filed the complaint in equity which is the subject of this appeal. In the equity action the appel-

---

* This assumpsit action,—still pending in the Philadelphia Court of Common Pleas at No. 3409, September Term, 1972,—is in no way affected by our disposition of this case.

lants alleged the same facts as those set forth in the complaint in assumpsit. In addition, the complaint in equity alleges that when the appellee stopped making payments under the contract, the appellants re-established their linen supply business using their original business name and attempted to recapture their old customers. In the equity action the appellants sought an injunction to prohibit the appellee from continuing to do business under the Richmond Supply name, the return of all goods and equipment transferred under the alleged agreement and an accounting to recover earnings derived from former Richmond Supply customers by the appellee as a result of his operation of the appellants' business. The appellee filed preliminary objections to the complaint in equity asserting (1) the existence of an adequate remedy at law and (2) the pendency of a prior action. After a hearing the lower court dismissed the appellee's preliminary objections but nevertheless dismissed the appellants' complaint in equity. This appeal is from the dismissal of the complaint.

The appellants challenge both the power of the lower court to dismiss the complaint and the propriety of that action. The appellants contend that, after the lower court dismissed the appellee's preliminary objections, it had no power to dismiss the complaint in equity. The appellants also argue that there is no adequate remedy at law and that the pending action in assumpsit arising out of this transaction is not a bar to this action in equity because different forms of relief are sought in each case. We do not agree with any of the appellants' arguments as applied to this case and affirm the decree of the court below dismissing the appellants' complaint in equity.

The appellants' initial contention, that the court below did not have the power to dismiss their complaint at the same time it dismissed the appellee's preliminary

objections to the complaint, is meritless. Civil Procedural Rule 1509(c) governing preliminary objections in equity actions specifically provides that the objection of the existence of an adequate remedy at law must be raised by preliminary objection and, if not so raised, is waived. However, although the preliminary objection of the existence of an adequate legal remedy was raised and dismissed, the lower court still possessed the power to act on its own motion. In *Carelli v. Lyter*, 430 Pa. 543, 547, 244 A. 2d 6, 8 (1968), we stated: "We do not mean to imply that, absent a preliminary objection, a court sitting in equity must hear the case where there exists an adequate, non-statutory remedy at law. On the contrary, we agree with the procedure now followed by trial courts as it is outlined in Goodrich-Amram, supra, at page 70: 'The language of [1509(c)] provides for an absolute waiver of the objection if it is not pleaded. This could mean that the court in equity would be authorized, by default, to decide cases where only legal rights are involved. The court will, however, usually decline to [hear the case in equity] in such cases, despite the waiver. The court will, sua sponte, rule that the issue should properly be disposed of by an action at law . . . and will transfer the case to the law side of the court for disposition.' "

The language of Rule 1509(c) specifically provides for the transfer of the case from equity to law when the court determines that there is an adequate remedy at law. In this case the court below dismissed the complaint. In view of the factual posture of this case, however, dismissal of the complaint was proper. As noted above, at the time the appellants filed this complaint in equity they already had an action in assumpsit pending in Common Pleas Court seeking to recover the contract price of the alleged contract. When an action at law arising out of the same controversy and covering the same issues is already pending in the law side of

the court, transfer of the complaint in equity as contemplated by Rule 1509(c) is unnecessary and the complaint may be properly dismissed. *See: Ninth Bank & Trust Co. v. Spector*, 19 D. & C. 532 (1933). Clearly the lower court had the power to dismiss the appellant's complaint.

The only remaining question is whether the court's power was properly exercised. In the appellants' complaint in assumpsit, which sets forth their version of the facts leading to the formation of the alleged contract, the appellants seek a judgment in their favor in the amount of $60,906 plus interest. That figure represents the appellants' calculation of the value of the contract which they allege they entered into and fully performed. In the present equity action the appellants seek an injunction which would deprive the appellee of the fruits of the same contract. Clearly the appellants are not entitled to recover in both actions. By initiating the action in assumpsit to recover the balance of the contract price, the appellants not only manifested their belief that there was an adequate remedy at law but also precluded themselves from bringing a simultaneous action in equity to recover the property sold and an accounting of the profits derived from that property.

Decree affirmed. Costs on appellants.