## Goehring v. Harleysville Mutual Casualty Company

*C. Willis Berger*, for plaintiff.
*David L. Gropp* and *T. A. Tenor*, for defendants.

KLEIN, *J.*, January 29, 1976—

## I. HISTORY

In this action in equity, plaintiff filed a complaint in which she alleged that on October 21, 1965, while a passenger in an automobile operated by her husband, said automobile collided with a truck owned by Diamond Milling Company, Inc. As a result, her husband died immediately and plaintiff suffered grave injuries. Plaintiff further alleged that while she was in the hospital, defendant, Householder, who was a brother-in-law of plaintiff's late husband and also an agent of defendant, Harleysville, obtained letters of administration on the estate of plaintiff's husband. It was further alleged that defendant, Householder, and another person, who was also an agent of Harleysville, through fraud and undue influence, obtained plaintiff's signature on a joint tortfeasor's release which financially benefitted Harleysville and financially injured plaintiff.

Plaintiff prayed for equitable relief (1) declaring the joint tortfeasor's release void, invalid and of no legal effect; (2) rescinding and cancelling the alleged release, and (3) such other relief, including damages, as the court might deem appropriate.

## II. APPELLATE COURT HISTORY

On October 16, 1970, defendants filed preliminary objections raising a question of jurisdiction, moving for a more specific pleading and also pleading a demurrer. On May 1, 1973, this court overruled defendants' preliminary objections in the nature of a demurrer, but sustained their preliminary objections raising a question of jurisdiction and dismissed the complaint.

On June 26, 1973, plaintiff filed certiorari to the Supreme Court of Pennsylvania. On January 27, 1975, the Supreme Court reversed the dismissal of the complaint and remanded the case for further proceedings.

## III. REMAND HISTORY

The case was remanded to this court on January 31, 1975, and on May 20, 1975, defendants again filed preliminary objections, limited to a motion for a more specific pleading.

In response, on July 7, 1975, plaintiff filed an amended complaint. The complaint alleged that plaintiff's financial injury had become liquidated, and, therefore, prayed for relief in the form of money damages. The amended complaint also contained a second count, solely against defendant, Householder. In that count, plaintiff alleged that defendant, Householder, appropriated, for his own use, the money plaintiff was to obtain at the time of the execution of the joint tortfeasor's release. Plaintiff requested money damages as to this count.

## IV. MATTER INSTANTLY BEFORE COURT

On July 30, 1975, defendants again filed preliminary objections in the nature of a motion to strike plaintiff's amended complaint in whole or in part. In support thereof, defendants advanced the following reasons: (1) untimely filing; (2) irrelevancy of averments of fact in paragraphs 19 through 28; (3) request for damages in paragraphs 20 through 28 should be at law; and (4) counts one and two were improperly joined. It is these latter preliminary objections that this court shall address.

## A. *Timely filed?*

Defendants contend that since plaintiff's amended complaint was filed outside the permissible ten-day period of Pa.R.C.P. 1028(c) and without consent of adverse counsel or leave of court, as provided for in Pa.R.C.P. 1033, it should be permitted to be filed only by petition and leave of court. This contention is without merit.

In Lebowitz v. Sun Drug Co., Inc., 118 Pitts. L.J. 170 (1970), the same contention was advanced. The court there looked to the liberal construction policy of Pa.R.C.P. 126 and granted leave nunc pro tunc to file the amended complaint, dismissing the preliminary objections. Even in Pitts v. Sommers, 25 Monroe 84 (1967), the court preferred to rest its decision upon grounds more intimately related to the development of the basic issues than merely striking off the amended complaint.

If the amended complaint were stricken, this court would then have to consider defendants' earlier preliminary objections in the nature of a motion for a more specific pleading. This would cause further delay to a suit which was commenced over five years ago. In addition, this case was remanded for further proceedings on January 31, 1975. Defendants waited until May 20, 1975, to file preliminary objections. Pa.R.C.P. 1026 requires every pleading subsequent to the complaint to be filed within 20 days after service of the preceding pleading. Defendants are, therefore, without ground to complain that plaintiff has not been timely in filing.

## B. *Impertinent allegations.*

Defendants' second contention is that paragraphs 19 through 28 should be struck from the amended complaint because they set forth irrele-

vant averments of fact at a time long after the execution of the joint tortfeasor's release and have no relation to plaintiff's request to cancel the release. In support thereof, defendants refer to Pa.R.C.P. 1019(a), which requires the material facts on which a cause of action is based to be stated in a concise and summary form. Defendants' reliance on this rule is not justified.

Pa.R.C.P. 1021 requires that any pleading demanding relief shall specify the relief to which the party deems himself entitled. Paragraphs 19 through 28 allege facts which go to the relief plaintiff requests. Pa.R.C.P. 1033 permits an amended pleading to aver transactions or occurrences which happened before or after the filing of the original pleading. The fact that the averments of fact pertain to events occurring after the execution of the release does not make them irrelevant as defendants maintain. In addition, paragraphs 25 through 28 comprise a second cause of action stemming from the initial events alleged in count one. This is permitted under Pa.R.C.P. 1033 and cannot seriously be alleged to be irrelevant.

Even if it could be argued that paragraphs 19 through 28 are irrelevant, this does not lead to the conclusion that they must be stricken from the amended complaint. Pa.R.C.P. 1017(b)(2) provides that a motion to strike is available because of lack of conformity to law or rule of court or because of scandalous or impertinent matter. In Southeastern Pennsylvania Transportation Authority v. Philadelphia Transportation Company, 38 D. & C. 2d 653 (1965), defendant moved to strike certain paragraphs of plaintiff's complaint because of irrelevancy. In dismissing the motion, the court said at page 656:

". . . [A] motion to strike should be overruled unless a party can affirmatively show prejudice . . . Further, the right to strike impertinent matter should be sparingly exercised . . . And where the matter is impertinent but not injurious, it need not be stricken."

The same result was reached in Curwood v. Curwood, 38 D. & C. 2d 571 (1964). Whether or not paragraphs 19 through 28 of plaintiff's amended complaint are relevant does not change the result. Defendants' motion to strike on the basis of irrelevancy must be dismissed.

C. *Adequate remedy at law—certify to law side of court?*

It is apparently defendants' third contention that paragraphs 20 through 28 are a claim for damages at law and should be transferred to plaintiff's heretofore commenced action at law. Defendants rely on Myshko v. Galanti, 453 Pa. 412, 309 A. 2d 729 (1973). In that case, plaintiff filed a suit in assumpsit. After a complaint and answer had been filed, plaintiff filed a suit in equity. Plaintiff would not have been allowed to recover in both actions, as the damages requested were based on alternative grounds. The court found that an adequate remedy existed at law, and dismissed the complaint in equity because an action was already pending at law arising out of the same controversy and covering the same issues already pending in the law side of the court. This case is clearly distinguishable from the case now before this court. While it is true that plaintiff commenced an action in trespass, the only action taken in that suit was the filing of a praecipe and the issuing of a summons. No service was made and the summons was returned unexe-

cuted. This can hardly be deemed an action pending at law. Part of plaintiff's requested remedy includes the rescission of the joint tortfeasor's release. This is a prerequisite to plaintiff's claim of damages in count one of the amended complaint. Such a remedy is equitable in nature and, therefore, plaintiff does not have an adequate remedy at law to permit transfer under Pa.R.C.P. 1509(c).

In Sunshine Chapel v. Hohmann, 16 Beaver 37 (1954), this court said:

"Where the jurisdiction of a court of equity has once attached, such jurisdiction may continue and extend to all matters in issue between the parties, properly justiciable, until justice has been done, even though some of the matters so determined may not have been originally the subject of jurisdiction in equity."

The policy behind this practice is to afford complete justice and avoid piecemeal litigation: White v. Young, 409 Pa. 562, 186 A. 2d 919 (1963); Schrader v. Heath, 408 Pa. 79, 182 A. 2d 696 (1962). Since jurisdiction presently resides in equity, it extends to plaintiff's claims at law, since they stem from the same matter at issue. The defendants' contention is, therefore, without merit.

D. *Misjoinder of causes of action.*

Defendants' lastly contend that counts one and two of plaintiff's amended complaint are improperly joined because each cause of action is separate and arises from separate grounds. Defendants first cite Pa.R.C.P. 1020 in support. The rule allows two or more causes of action cognizable in equity to be stated in a complaint. It does not, however, address itself to the joinder of a cause of action in equity with one at law, which defendants' argue is improper. This argument does not go to the reason

defendants allege for misjoinder; nor is their reference to Pa.R.C.P. 2229(b) proper, as it relates to the joinder of defendants, not causes of action.

Count one of plaintiff's amended complaint alleges that, through fraud and undue influence, defendants procured the execution of the joint tortfeasor's release. Pursuant to the release, plaintiff was to receive $20,000. Count two alleges that defendant, Householder, appropriated this sum to his own use. It is evident to this court that these events are intimately related and not distinct. Joinder of the two counts is proper.

### ORDER

And now, January 29, 1976, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that the preliminary objections in the nature of motions to strike filed on behalf of each defendant be overruled. Further, defendants are granted leave to file answers to plaintiff's amended complaint within 20 days from date hereof.