446 A.2d 1330

**REDMOND FINISHING COMPANY, INC., Appellant,**

v.

**Alan GINSBURG and Sheila B. Ginsberg, his Wife, and Alpha Gamma, Inc.**

Superior Court of Pennsylvania.

Argued Feb. 17, 1982.

Filed June 18, 1982.

Petition for Allowance of Appeal Denied Oct. 15, 1982.

52

Howard M. Spizer, Scranton, for appellant.

Mark Steven Love, Stroudsburg, for appellees.

Before JOHNSON, MONTEMURO and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The instant appeal was filed by the Plaintiff-Appellant, Redmond Finishing Company (hereinafter referred to as "Redmond") after the lower court sustained a preliminary objection asserted by the Defendant-Appellees, and dismissed the action with prejudice. This case was commenced

as an action in equity in the lower court by Redmond, seeking to have a constructive trust imposed upon certain real estate in Monroe County, which had allegedly been transferred by the Appellee Alan Ginsburg to the Appellee Alpha Gamma, Inc.

This litigation is but the latest in a series of actions which have been instituted as a result of the business transactions and activities of Alan Ginsburg. Of particular significance to our analysis of the issues presented by this appeal is a separate Monroe County action commenced in equity at No. 218 January Term, 1978. That case was instituted by Alan Ginsburg, seeking an accounting and the appointment of a receiver to manage the business affairs of Redmond during the pendency of certain other litigation then pending in the State of New York. In response, Redmond filed an answer as well as a counterclaim which alleged, *inter alia*, that Alan Ginsburg had fraudulently misappropriated in excess of One Million ($1,000,000.00) Dollars from Redmond. Alan Ginsburg filed a preliminary objection in the nature of a demurrer to Redmond's counterclaim. The Monroe County Common Pleas Court, by the Honorable James R. Marsh, President Judge, dismissed the preliminary objection, finding that the demurrer had no merit because Redmond's misappropriation counterclaim bore a direct relation to the issues presented in the complaint in that case, and thus was properly assertable in the equity action under Pennsylvania Rule of Civil Procedure 1510(a).[1]

As set forth above, Redmond initiated the instant action seeking to have a constructive trust imposed upon real estate which had allegedly been transferred by Alan Ginsburg to the Appellee Alpha Gamma, Inc. That corporation was purportedly controlled by Mr. Ginsburg. Of particular

1. Rule 1510, concerning counterclaims, provides:
   (a) A defendant may plead as a counterclaim only a cause of action, whether equitable or legal, which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose. A counterclaim shall not be subject to the objection provided in Rule 1509(c).
   (b) A counterclaim shall be pleaded and tried as an action in equity.

significance, we note that Redmond's complaint asserts that the properties in issue were purchased with the funds, approximately over One Million ($1,000,000.00) Dollars, which Ginsburg had allegedly misappropriated from Redmond. The Appellees, by their preliminary objection, contended that this action should be dismissed because Redmond had earlier elected to pursue a monetary remedy, concerning the alleged misappropriation by Alan Ginsburg, in the counterclaim Redmond asserted in the litigation already pending at No. 218 January Term, 1978.

■ The lower court found merit in the Appellees' contention, and we detect no error in the conclusions reached. It is certainly clear that the Appellant has made an election to try to seek a remedy for the losses it suffered, in alleged misappropriations by Alan Ginsburg, in the claim for monetary damages it previously asserted in the counterclaim. When a claim at law, arising out of the same controversy and covering the same issues, is already pending before the court, a subsequent complaint in equity may be properly dismissed. This is because there is in existence for the pleading party a full, complete and adequate non-statutory remedy at law. See *Myshko v. Galanti*, 453 Pa. 412, 309 A.2d 729 (1973), cited by the lower court, where an analogous situation was presented, and where a similar conclusion was reached by our Supreme Court. We find the holding in that case to be controlling here.

■ The Appellant seeks to distinguish the instant situation on the grounds that: (1) there are additional parties named as defendants here—Shiela B. Ginsburg and Alpha Gamma, Inc.; and (2) the other case involves a claim for money damages while the instant one involves a request for a constructive trust. We find such distinctions to be irrelevant. Redmond's effort, in both cases, has been to remedy the losses it allegedly suffered as a result of misappropriations by Alan Ginsburg. Once it chose to follow the path of a damage claim, it foreclosed a subsequent effort to pursue the same remedy in an equity action.

We find that the lower court properly concluded that the Appellant, in asserting its earlier counterclaim had made an election of remedies, and essentially bound itself to the proposition that it has an adequate, non-statutory remedy at law. Thus, the lower court's dismissal of the Appellant's action was correct.

Affirmed.