494 A.2d 1119

David R. VAN NORMAN and Mary Ellen Van Norman, his wife, Appellants,

v.

Walter JONES, Appellee.

Walter JONES

v.

David R. VAN NORMAN and Mary Ellen Van Norman, his wife, and First Valley Bank.

Appeal of David VAN NORMAN and Mary Ellen Van Norman, his wife.

Walter JONES, Appellant,

v.

David R. VAN NORMAN and Mary Ellen Van Norman, his wife, and First Valley Bank.

Superior Court of Pennsylvania.

Argued March 6, 1985.

Filed June 14, 1985.

---

350

Ronold J. Karasek, Bangor, for appellants (at 314 and 315) and appellees (at 384).

Peter S. Steinberger, Allentown, for appellant (at 384) and appellee (at 314 and 315).

Michael A. Filingo, Bangor, for First Valley, appellee.

Before ROWLEY, WATKINS and GEISZ, JJ.*

## OPINION OF THE COURT

ROWLEY, Judge:

These three appeals arise from two separate actions instituted in the trial court: 1) an action for wrongful appropriation of four checks brought by Walter Jones against David Van Norman (Jones' former employee), Mary Ellen Van Norman (David's wife), and the First Valley Bank, wherein the Van Normans counterclaimed for sums owed by Jones to David Van Norman on sixteen specific job contracts; and 2) a subsequent action in equity for a full and complete accounting brought by David and Mary Ellen Van Norman against Walter Jones.

In the action for wrongful appropriation of funds, the trial court entered a non-jury verdict in favor of Jones against the Van Normans *only*, in the sum of $6,000.00. The Van Normans appealed from the Judgment entered on the verdict following the dismissal of all exceptions filed by the parties (No. 315 Philadelphia, 1984) and Walter Jones filed a cross appeal (No. 384 Philadelphia, 1984).

In the equity suit, the trial court sustained Walter Jones' preliminary objections to the Van Normans' complaint, dismissed the complaint with prejudice, and Judgment was entered in favor of Jones. The Van Normans have also appealed from that determination (No. 314 Philadelphia, 1984).

Upon a thorough review of the record herein, we reverse the Judgment entered in the wrongful appropriation action and remand the case for a new trial. The Judgment entered on the trial court's Order dismissing the complaint in equity filed by the Van Normans is affirmed.

* Judge John A. Geisz, Senior Judge of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

WRONGFUL APPROPRIATION ACTION APPEALS
NOS. 315 AND 384 PHILADELPHIA, 1984

The evidence presented at the non-jury trial in the wrongful appropriation action reveals the following facts. David Van Norman began working for Walter Jones in his boiler sales, service and installation business sometime in 1977. In late 1978, or early 1979, Jones and Van Norman agreed to a method of payment whereby Van Norman would receive 50% of the net profit on each customer contract and reimbursement for expenses. Since Jones and Van Norman traveled frequently to their work, Walter Jones gave Mary Ellen Van Norman (David's wife), deposit slips so that she could deposit customer payment checks sent to her in Walter Jones' New York bank account at Manufacturers Hanover Bank. Mrs. Van Norman was authorized by Jones to endorse these checks with his name for deposit only into the New York bank account.

During the period from May 1979 through December 1980, Mrs. Van Norman received four customer checks payable to Walter Jones which she endorsed by signing Walter Jones' name and her name, or her husband's name. Instead of being deposited in Walter Jones' New York bank account, however, the checks were either deposited into the Van Normans' personal account at First Valley Bank in Pennsylvania or cashed by First Valley Bank, with part of the proceeds paid in cash to Mrs. Van Norman and part of the proceeds deposited in the Van Normans' personal account. In late 1980, Walter Jones drew several checks on his New York checking account which were returned for insufficient funds. Jones then contacted several customers whom he thought had paid him and they sent him copies of payment checks that they had forwarded to Mrs. Van Norman. Upon learning that the checks were processed through a bank in Pennsylvania rather than Manufacturers Hanover Bank in New York, Jones contacted his attorney.

On February 25, 1982, Walter Jones filed a complaint in assumpsit and trespass against the Van Normans and First Valley Bank for conversion of funds wherein he sought to

recover the proceeds of the four checks which totaled $10,878.58. Jones alleged that the Van Normans were not authorized to receive payment on the checks from First Valley Bank and that Mrs. Van Norman's endorsement on the checks to achieve that purpose was a forgery.

The Van Normans filed an Answer to the complaint containing New Matter wherein they alleged that Mrs. Van Norman was authorized to endorse Walter Jones' name on customer checks made payable to him and to either deposit or cash those checks as directed by Walter Jones. The Van Normans' Answer included a counterclaim against Walter Jones for payments and expenses due David Van Norman pursuant to his employment contract with Jones. The counterclaim averred that David Van Norman was owed $47,-160.57 in past-due profits on sixteen separate customer contracts and for a vehicle purchased by David Van Norman which was necessary for his work.

First Valley Bank's Answer to Walter Jones' complaint included New Matter in the form of the Joinder of the Van Normans as additional defendants. *See* Pa.R.C.P. 2252(d). First Valley Bank averred that in the event it was determined that the Van Normans were not authorized to endorse the four checks made payable to Walter Jones, the Van Normans were solely liable to Walter Jones or liable over to the First Valley Bank for the proceeds thereof.

The case was scheduled for hearing non-jury on January 17, 1983. On February 2, 1983, the trial court entered an adjudication consisting of findings of fact, conclusions of law and a verdict in favor of Walter Jones against the Van Normans *only* in the sum of $6,000.00. The trial court held that Mrs. Van Norman was authorized to endorse the checks with Walter Jones' name, but that she wrongfully appropriated the four checks when she placed them in her personal account rather than Walter Jones' New York bank account. Thus, the court determined that the Van Normans were liable to Walter Jones for the proceeds of the four checks. Nonetheless, in resolving the Van Normans' counterclaim, the court allowed a credit against the amount of

the checks for money owed David Van Norman from Walter Jones' business. The court declined to enter a verdict against First Valley Bank in favor of Walter Jones, reasoning that because Mrs. Van Norman was authorized to sign Walter Jones' name in the first instance, her actions did not constitute a forgery and First Valley Bank was entitled to rely on her endorsements in accepting and cashing or depositing the checks.

Following entry of the court's adjudication, exceptions were filed by the Van Normans and by Walter Jones. By Opinion and Order of the court *en banc* dated January 3, 1984, all exceptions were denied and dismissed. Judgment was entered on the verdict on January 9, 1984 and appeals were filed by the Van Normans and by Walter Jones.

On appeal, Walter Jones argues that the trial court erred in finding that the Bank was not liable for making payment on Mrs. Van Norman's unauthorized endorsement. Because we find that this claim of error has merit and a new trial is warranted, we need not address the other issues raised by appellants.

Walter Jones argues that Mrs. Van Norman's authority to endorse checks with his name was limited to endorsing those checks for deposit only in his New York account. Jones claims that Mrs. Van Norman was *not authorized* to affix his name to customer checks made payable to him and to deposit them with First Valley Bank or to cash them at that Bank. Thus, Jones claims that the First Valley Bank is liable for conversion for making payment on a forged endorsement. Jones' theory of liability is predicated on Section 3–419(a) of the Uniform Commercial Code which provides:

(a) Acts constituting conversion.—An instrument is converted when:

(1) a drawee to whom it is delivered for acceptance refuses to return it on demand;

(2) any person to whom it is delivered for payment refuses on demand either to pay or to return it; or

(3) it is paid on a forged indorsement.

13 Pa.Cons.Stat. § 3419. In light of our Court's recent decision in *Levy v. First Pennsylvania Bank,* 338 Pa.Super. 73, 487 A.2d 857 (1985) (petition for allowance of appeal pending), we find appellant's contention to be persuasive.[1]

In *Levy,* an attorney was given limited authorization by his clients to endorse checks made payable to them for deposit into the clients' accounts at Girard Bank and Industrial Valley Bank. Thereafter, the attorney received three checks from his clients' broker, which he deposited in his own personal bank account at First Pennsylvania Bank. He accomplished this by signing the back of the checks with the names of his clients' business enterprises and his own account number. In an action against the First Pennsylvania Bank for conversion, the clients were awarded $222,-776.87 and the Bank appealed from the judgment entered following the dismissal of its exceptions by the trial court. In affirming the judgment, this Court determined that the trial court properly found that the attorney's authority to endorse checks was limited to endorsing them for deposit into his clients' accounts at two specified banks. Accordingly, this Court agreed that the attorney was not authorized to endorse the checks as he did and deposit them in his own account. Nonetheless, the question remained whether an unauthorized endorsement was the same as a forged instrument under 13 Pa.Cons.Stat. § 3419. The Court stated:

> Although no court in the Commonwealth has held on this point, to our knowledge, other courts have held that "forgery" under UCC § 3–419 includes 'unauthorized signature.' We conclude that an unauthorized signature is the same as a forgery for purposes of an action for conversion under 13 Pa.C.S. § 3419. The trial court properly found the bank liable for paying the checks to Robinson [the attorney]. (Footnote omitted.)

**1.** We note that the trial court did not have the benefit of reviewing our decision in *Levy v. First Pennsylvania Bank, supra,* since it was not filed until January of 1985, almost one year after the determination of the court *en banc* in the instant case.

*Id.*, 338 Pa.Superior Ct. at 79, 487 A.2d 861.[2]

We find that the holding in *Levy* is controlling with regard to the Bank's liability in the case now before us. In the instant case, the trial court found that Mrs. Van Norman was authorized to accept checks made payable to Walter Jones, affix his name to the checks, and deposit them in his New York bank account. Because she was authorized to sign Jones' name in the first instance, the trial court found that no forgery existed and that First Valley Bank was not liable for making payment on Mrs. Van Norman's endorsement. The same theory was rejected in *Levy v. First Pennsylvania Bank*, 338 Pa.Super. at —, 487 A.2d at 860. Because Mrs. Van Norman was authorized to endorse checks with Jones' name for one purpose does not mean that she had unlimited power to sign his name for other purposes. It is clear that Mrs. Van Norman's authority to endorse Walter Jones' name was limited to endorsing checks payable to Jones in order to deposit those checks into Jones' New York bank account. Mrs. Van Norman did not have authority to endorse checks with Jones' name in order to deposit those checks into her personal account at a different bank, or to cash those checks at any bank. Thus, her conduct in signing Jones' name to achieve such a purpose was unauthorized. Under the holding in *Levy*, her unauthorized signature was the same as a forgery for

2. Forgery is not defined in the Uniform Commercial Code. Thus, in finding that forgery under UCC § 3–419 encompasses an unauthorized signature, the court took guidance from the definition of forgery provided in the Pennsylvania Crimes Code. Section 4101 provides:
   (a) Offense defined.—A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:
   (1) alters any writing of another without his authority;
   (2) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize the act, or to have been executed at a time or place or in a number sequence other than was in fact the case, or to be a copy of an original when no such original existed; or
   (3) utters any writing which he knows to be forged in a manner specified in paragraphs (1) or (2) of this subsection.
   18 Pa.Cons.Stat. § 4101. *Levy v. First Pennsylvania Bank*, 338 Pa.Super. at 79 n. 11, 487 A.2d at 861 n. 11.

purposes of an action for conversion instituted against First Pennsylvania Bank. Thus, on the facts of record in this case, First Valley Bank may have been liable for paying the checks to Mrs. Van Norman. Since the trial court found no liability on the part of the Bank, the question whether the Bank would be liable to Jones for the full amount of the proceeds of the checks or whether the Van Normans would be solely liable or liable over to the Bank were not litigated. Under these circumstances, we find that a new trial as to all parties must be granted in order to allow all issues raised in the pleadings to be properly and fairly decided.

We note that one of the errors alleged by the Van Normans on appeal from the Judgment entered is that the trial court improperly denied their request for a jury trial which was appended to a pre-trial conference memorandum. The court held that the Van Normans had waived their right to a trial by jury by failing to timely file their request in accordance with Pa.R.C.P. 1007.1. We note that our decision to reverse the Judgment entered and remand for a new trial is without prejudice to the right of the Van Normans to renew their request for a jury trial. *See Hawley Bank v. Santini*, 256 Pa.Super. 203, 389 A.2d 671 (1978).

The Judgment entered is reversed and the case is remanded for a new trial as to all parties.

## EQUITY ACTION

### APPEAL NO. 314 PHILADELPHIA, 1984

The Van Normans filed a complaint in equity on September 29, 1983, seeking: 1) to enjoin Walter Jones' disposition of any goods or cash with respect to an alleged "partnership" between the parties which existed from sometime in 1977 through 1981; and 2) an account of all monies received by Walter Jones and payment of any monies due to David Van Norman as a result of the accounting. At the time the equity complaint was filed, the parties' exceptions to the verdict in the wrongful appropriation action were pending.

Walter Jones filed preliminary objections to the complaint in equity under the caption "Demurrer", wherein he claimed that the Van Normans were barred from bringing suit in equity by principles of res judicata, collateral estoppel, a prior pending action, and because the discovery proceedings in the wrongful appropriation action constituted a full accounting. The trial judge entered an Order dismissing the equity complaint on the same day that the parties' exceptions to the verdict in the wrongful appropriation action were dismissed by the court *en banc.*

■ The trial court found no merit in the defenses of collateral estoppel and res judicata. Certainly these defenses are of no avail to Jones at this point, since we have granted a new trial in the wrongful appropriation action and, thus, there is no final determination in that case. Moreover, we point out that res judicata and collateral estoppel are affirmative defenses that should properly have been pled in a responsive pleading under New Matter, and not by way of preliminary objections. *See* Pa.R.C.P. 1030.

Nonetheless, the trial court sustained Walter Jones' preliminary objections on the ground that a complete accounting had already been provided the Van Normans by virtue of the documentation obtained through discovery conducted in the action for wrongful appropriation of funds. Jones' preliminary objection in this regard, in effect, constituted an assertion that a full, complete and adequate remedy at law existed in this case and that the Van Normans had been afforded that remedy. *See* Pa.R.C.P. 1509(c).

Appellants contend that they were not afforded a full and complete accounting through discovery in the wrongful appropriation action because the discovery was incomplete and it did not afford them with the relief they requested. We find that appellants are correct in their assertion that the documentation obtained through discovery was not the equivalent of a full and complete accounting. Nonetheless, we conclude that the facts pled in the equity complaint

show that the Van Normans do have an adequate remedy at law and that a prior action regarding the same controversy is pending. Thus, we affirm the dismissal of the equity complaint.

In dismissing the equity complaint, the trial court held that Walter Jones had produced what he had in the way of "books" in the discovery proceedings in the prior action and that there was no aspect of the business which was "peculiarly within" the knowledge of Walter Jones since he and David Van Norman traveled the country fixing and installing boilers together. Thus, the court held that there was no need for a court ordered accounting as the Van Normans "could arrive at an accounting themselves." (Trial Court Opinion, filed January 3, 1984 at p. 7). We disagree.

If indeed David Van Norman was a full partner in the boiler installation and repair business, he would be entitled to a full and formal account regarding the partnership affairs. 59 Pa.Cons.Stat. § 335 (Uniform Partnership Act). In the discovery proceedings in the wrongful appropriation action, Walter Jones produced bank statements from his business checking account, check stubs, and a breakdown of profits and expenses for the sixteen contracts listed in the Van Normans' complaint. Jones may have provided all the business records in his possession that relate to the period of the parties' working relationship, but that, in itself, did not provide the Van Normans with the relief they requested in their equity complaint. There was no reconciliation of all the documents provided, including a determination by the court of what, if anything, was due the Van Normans. Moreover, the Van Normans' complaint in equity seeks not only payment of monies due as would be shown in a formal accounting, but also an injunction against Walter Jones barring disposition of any cash or assets of the business. Thus, the Van Normans were not afforded the relief they sought through the discovery in the prior action. Nonetheless, we find that the Van Normans do

have an adequate remedy at law for the claim pled in their complaint.

Initially, we note that the Van Normans did not plead facts that would have necessarily entitled them to a formal accounting. The complaint avers that David Van Norman entered into an employment contract with Walter Jones whereby he would receive fifty percent of the profits of each job that was contracted plus expenses for services that he rendered. The complaint admits that the arrangement entered into by the parties was not a full partnership, but instead, a partnership "in regard to the method and amount of payment for the Husband-Plaintiff's services." (Paragraph # 4). A partnership relationship must be properly pled and established in order to give a partner the right to a formal account. *See Barbet v. Ostovar,* 273 Pa.Super. 256, 417 A.2d 636 (1979). It is clear that the receipt of a share of the profits of a business is not prima facie evidence of a partnership if such profits are received in payment as wages. 59 Pa.Cons.Stat. § 312. Thus, the complaint does not plainly state that David Van Norman was a partner in the boiler business.

The equity complaint does allege, however, that David Van Norman and Walter Jones entered into an *oral employment contract.* The remedy for loss suffered for breach of such an agreement would be a suit on the contract to recover monies due David Van Norman which were not paid to him by his employer during the life of the contract. Thus, an adequate remedy at law exists in the form of an action for breach of contract and equitable relief is not warranted. *See Aughenbaugh v. North America Refractories Co.,* 426 Pa. 211, 231 A.2d 173 (1967).

Moreover, the Van Normans had already elected to pursue a remedy at law in the nature of a counterclaim filed in the action for wrongful appropriation of funds. In their counterclaim, they asserted that Walter Jones had breached the aforementioned employment contract by fail-

ing to pay David Van Norman monies due him on sixteen customer jobs and accounts and by failing to compensate him for a truck he purchased in order to perform his work for the business. A close reading of the counterclaim reveals that it alleges a claim at law, arising out of the same controversy and covering the same substantive issues involved in the equity complaint. In such a situation, transfer of the equity complaint to the law side, as directed in Pa.R.C.P. 1509(c), is unnecessary and the equity complaint may properly be dismissed. *Redmond Finishing Co., Inc. v. Ginsburg*, 301 Pa.Super. 51, 446 A.2d 1330 (1982); *Myshko v. Galanti*, 453 Pa. 412, 309 A.2d 729 (1973).

The Van Normans argue that the equity complaint covers profits realized through customer contracts during the entire employment relationship, while the counterclaim involves profits derived only from sixteen customer accounts. Hence the Van Normans urge that the issues raised in the counterclaim are not the same as those raised in the complaint. We find this distinction to be unpersuasive. There is nothing in the record which indicates that David Van Norman did not receive the profits to which he was entitled on customer contracts other than the sixteen contracts listed in the counterclaim. *See Herzog v. Witco Chemical Corp.*, 447 Pa. 202, 205, 290 A.2d 256 (1972). In addition, the language in the counterclaim indicates that the Van Normans sought all the unpaid profits due them for the duration of the employment contract. If there are other sums due David Van Norman pursuant to his employment contract on customer contracts that were not included in the counterclaim, the Van Normans' remedy is to seek to amend the counterclaim, rather than to sue separately in equity.

Accordingly, the Judgment entered in the action at law is reversed and the case is remanded for a new trial.

The Final Decree entered in the equity action is affirmed.

Jurisdiction is relinquished.