545 A.2d 450

Herman H. Recht, Appellant *v.* City of Pittsburgh, Appellee.

Submitted on briefs March 7, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Herman H. Recht,* for himself.

*Robert B. Smith* Assistant City Solicitor, with him, *D. R. Pellegrini,* City Solicitor, for appellee.

OPINION BY SENIOR JUDGE NARICK, August 4, 1988:

The sole issue raised by Herman H. Recht (Appellant) in this appeal is whether the Court of Common Pleas of Allegheny County erred in denying him a jury trial.

Appellant originally filed a complaint in equity on December 4, 1984, seeking to prevent the City of Pittsburgh (Appellee) from razing an apartment building he owned in the City's 13th Ward. Robert B. Smith, Assistant City Solicitor, filed an appearance on behalf of the Appellee, on December 12, 1984, wherein he demanded a jury trial. Appellee then filed an answer and new matter on December 28, 1984. Apparently, nothing further was done until April 30, 1986, when Appellant filed a praecipe to place the case at issue. The case was assigned to a chancellor, who, on May 27, 1986, issued an order striking the complaint in equity because of the existence of an adequate remedy at law (Appellant's property having apparently been razed in the intervening period). Appellant was granted 30 days within which to file a "Complaint in Civil Action," which he did on June 16, 1986. Neither this complaint nor Appellee's subsequent answer and new matter, filed July 11, 1986, contained a demand for a jury trial.

The case was ordered to a non-jury trial by order dated January 5, 1987. On January 8, 1987, Appellant, by his new counsel (who had entered his appearance on November 12, 1986) moved for a continuance, and requested a jury trial in writing.[1] The motions judge

---

[1] Both the trial court's opinion and Appellee's brief indicate that Appellant never filed a written demand for a jury trial. This motion, however, clearly contains such a demand.

granted the request for continuance but denied the request for a jury trial.

The case proceeded to trial, which was held January 26, 1987. The court entered a decision for Appellee on that same date and dismissed Appellant's exceptions by order dated May 5, 1987.

The trial court denied Appellant's request for a jury trial because it determined that Appellant had waived his right for failure to make his request "not later than twenty (20) days after service of the last permissible pleading." *See* Pa. R.C.P. No. (Rule) 1007.1(a). It further dismissed Appellant's argument that Rule 1007.1(c)(1) entitled him to rely upon Appellee's request for a jury trial, finding that, when Appellee made its original demand in the *equity* case, no right to a jury trial existed. The May 27, 1986 order terminated the equity action, the trial court reasoned, and it then became incumbent upon the Appellant to demand a jury trial as provided by Rule 1007.1(a) in the newly-commenced civil action. We must disagree with this reasoning.

First of all, Pa. R.C.P. No. 1509(c)[2] provides that where a "full, complete and adequate non-statutory remedy at law" exists, "the court shall certify the [equity] action to the law side of the court." Generally, the courts have read this rule to require *transfer* and not *dismissal* of the action. *See, e.g., Trimble Services, Inc. v. Franchise Realty Interstate Corporation,* 445 Pa. 333, 284 A.2d 744 (1971). Here, although the May 27 order required Appellant to file a "Complaint in Civil Action," it obviously did not simply dismiss the equity

---

[2] Although Rule 1509 governs preliminary objections, there is authority for a court to *sua sponte* transfer the action where an adequate legal remedy exists. *See Myshko v. Galanti,* 453 Pa. 412, 309 A.2d 729 (1973). (The equity action in *Myshko* was dismissed because a separate action at law was pending; therefore, there was no need to transfer the case).

action. For example, Appellant was not required to file a new action under a separate docket number. Similarly, the court's order provided for service of the complaint upon Appellee by regular mail and not personal service. The order was one of transfer and did not terminate the proceedings. Accordingly, the trial court should have considered all of the pleadings in the case in determining the waiver issue.

Secondly, although the trial court was certainly correct in its determination that when Appellee demanded a jury trial, no right thereto existed, we do not believe that that fact deprives Appellant of the benefit of the language of Rule 1007.1(c)(1). That subsection provides: "A demand for trial by jury may not be withdrawn without the consent of all parties who have appeared in the action." The reason for that rule was summarized by the Superior Court as follows:

> The nondemanding parties may have also wanted a jury trial but made no timely demand because the demanding party had already done so; therefore, to permit the demanding party to withdraw the demand without the consent of all parties would be highly prejudicial. 1 Goodrich-Amram 2d §1007.1(c):1 (1976). Thus, the Rule apparently seeks to protect the rights of those parties who did not make the demand for jury trial . . . .

McFarlane v. Hickman, 342 Pa. Superior Ct. 240, 246, 492 A.2d 740, 743 (1985). Under the circumstances of this case, it is conceivable that Appellant's original counsel did not request a jury trial because he had no right to one in an equity action. When the complaint in the action at law was filed, however, there was no need under the rules to include a demand, because Appellee had already done so. This appears to be precisely the situation sought to be avoided by the language of Rule 1007.1(c)(1).

Finally, we believe the trial court's reading of the rules is unduly restrictive in light of Rule 126, providing for liberal construction, and, more importantly, in light of the constitutional guarantee of the right to trial by jury. Pa. Const. art. 1, §6. While that right may certainly be waived, *see* 42 Pa. C. S. §5104(a) and Rule 1007.1, we believe that where the circumstances indicate the possibility of reliance, any doubts should be resolved in favor of allowing a jury trial.[3]

For these reasons, we reverse the order of the trial court and remand for a jury trial.

### ORDER

AND NOW, this 4th day of August, 1988, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed and the case is remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

[3] *See Hawley Bank v. Santini*, 256 Pa Superior Ct. 203, 389 A.2d 671 (1978) for a similar conclusion arising in a different context.