# Rorke v. Fraternal Order of Police
# Delaware County Lodge No. 27

C.P. of Delaware County, no. 92-2533.

*Kenneth L. Mirsky,* for plaintiffs.
*S. Stanton Miller Jr.,* for defendant.

BRADLEY, *J.,* August 20, 1997—Defendant Fraternal Order of Police appeals the order denying their post-trial motion.

Plaintiff Peter Rorke and four other Upper Darby police officers were convicted of violating the civil rights of two Upper Darby Township residents. Mr. Rorke was the only officer not on shift at the time of the incident. Mr. Rorke requested permission[1] to go on duty so that he could assist in an investigation involving the alleged assault on his daughter. The five officers went to the residents' home and a physical altercation ensued. The officers were subsequently indicted for civil rights violations.

The four on-duty officers received legal aid from the FOP during their criminal trial.[2] However, Rorke, who defendant argued was acting as a father and not as a police officer, was denied legal aid. Rorke initiated this action against the FOP to collect legal fees he incurred in the criminal trial. A critical issue at trial was whether or not Mr. Rorke was acting "in the proper performance of his police duties" at the time of the incident. After a jury trial, a verdict was entered on

---

1. Rule 6 of the Upper Darby Police Department's Rules and Regulations provides that an off-duty officer could be "assigned to active duty by the commanding officer of the department."

2. Defendant's bylaws contain the following legal aid provision:

"Any active member, in good standing, who, in the proper performance of his police duties, is arrested and charged with any offense, or indiscriminately disciplined or dismissed by department regulations, shall be furnished free legal aid and representation by the lodge, and bail, if necessary."

behalf of plaintiffs. Defendant's motion for post-trial relief was denied. This appeal followed.

Defendant complains, by way of their statement of matters complained of on appeal, that this court erred by denying their motion for a new trial and their motion for judgment n.o.v. First, defendant alleges this court erred in denying defendant's pretrial motion to preclude plaintiffs from proceeding to trial by jury; that a new trial should be granted because of this error.

The right to a jury trial is constitutionally guaranteed. U.S. Constitution Amendment VII; Pennsylvania Constitution Article 1, Section 6; *Recht v. City of Pittsburgh*, 118 Pa.Commw. 381, 545 A.2d 450 (1988). Rule 1007.1(a) of the Pennsylvania Rules of Civil Procedure provides that a demand for a jury trial "shall be made by endorsement on the original complaint filed in this matter or by a separate writing." The Rules of Civil Procedure are to be liberally construed to avoid error that does not affect the substantial rights of any of the parties. 42 Pa.R.C.P. no. 126.

Plaintiffs never waived their right to a jury trial where the original complaint contained the proper endorsement. Defendant argues that the original complaint became null when this court ordered plaintiffs to file an amended complaint; therefore, plaintiffs waived their right to a jury by not endorsing the amended complaint. In *Recht*, the jury trial demand was made on a permissible pleading in plaintiff's original equity action. Subsequently, the court issued an order striking the equity complaint because of the existence of an adequate remedy at law. Plaintiff then filed a civil action but failed to demand a jury trial. Plaintiff's motion for a jury trial was denied because the court determined that plaintiff waived his right by not requesting a jury trial "[no] later than 20 days after service of the last per-

missible pleading." See Pa.R.C.P. no. 1007.1(a); *Recht, supra* at 383, 545 A.2d at 451. Reversing, the Commonwealth Court held that the demand in the equity action was sufficient where the action was transferred and not dismissed. *Id.* at 383-84, 545 A.2d at 452.[3] The court emphasized the civil action was filed under the same docket number as the equity action and that service by regular mail was permitted in the second action. *Id.*

Similarly, defendant's contention fails because the amended complaint did not render the original complaint null. Plaintiffs' endorsement on the original complaint is sufficient to ensure their right to a trial by jury. The original complaint was never dismissed; the docket number remained the same after the complaint was amended. Rule 1007.1(a) requires only that the demand be made on one permissible pleading. Furthermore, defendant shows no prejudice since the jury trial demand was made at the commencement of this action.

Defendant next contends that this court erred in denying defendant's motion for compulsory nonsuit, arguing that plaintiffs failed to meet their burden of proof. A compulsory nonsuit may be entered at the end of the plaintiff's case if the plaintiff has failed to establish a right to relief. 42 Pa.R.C.P. no. 230.1. A nonsuit may not be granted unless, viewing all evidence and all reasonable inferences arising from it in light most favorable to plaintiff, a jury could not reasonably conclude that elements of a cause of action have been established. *Talarico v. Bonham*, 168 Pa. Commw. 467, 650 A.2d

---

3. The court found that the demand in the equity action sufficiently preserved the plaintiff's right to a jury trial, despite the fact that there is no right to a jury trial in an equity action. *Id.* at 384, 545 A.2d at 452.

1192 (1994). Defendant's motion for nonsuit was properly denied where plaintiffs established a right to relief.

Plaintiff Rorke could only recover the legal fees expended in his criminal trial if he was acting "in the proper performance of his police duties." Although Rorke was off duty at the time of the incident, he requested to be assigned to active duty so he could assist in the investigation.[4] While it was disputed at trial that Rorke received proper authorization to be put on active duty, Rorke alleged that he received permission from John Falls, the desk sergeant at the time. This factual dispute was properly reserved for the trier of fact.

Defendant's third contention is that the jury failed to follow the court's instructions regarding the amount of damages. The jury was instructed that any verdict in favor of plaintiffs was required to be supported by the credible evidence. Defendant claims that the jury failed to reduce their verdict by $30,000, the amount plaintiff paid to plaintiff law firm. However, plaintiffs sued for the entire amount of legal fees. The recovery would then be divided between claimants. Rorke, himself, should be reimbursed for that portion of the whole paid by him.

Defendant's last contention on appeal is that the denial of defendant's motion for judgment n.o.v. was error. Defendant claims that the verdict was against the weight of the evidence. In considering a judgment n.o.v., a court must determine whether there was sufficient competent evidence to sustain the verdict, granting the ver-

---

4. Rule 6 of the Upper Darby Police Department's Standing Rules and Regulations states: "Every member of the police department shall be considered as on duty for 24 hours each day and may be assigned to active duty by the commanding officer of the department."

dict winner the benefit of every reasonable inference that can be reasonably drawn from the evidence and rejecting all unfavorable testimony and inferences. *Rocker v. Harvey Company,* 370 Pa. Super. 32, 535 A.2d 1136 (1988). "Judgment n.o.v. is appropriate only in a clear case where the facts are such that no two reasonable minds could fail to agree that, as a matter of law, the party has failed to make out his case." *Id.* at 36, 535 A.2d at 1138.

Granting the verdict winner the benefit of every reasonable inference, there was sufficient evidence to sustain a verdict for the plaintiffs. In order for Rorke to recover his legal expenses against the FOP, he must have shown that he was acting "in the proper performance of his police duties." Plaintiffs offered sufficient evidence at trial through testimony of Mr. Rorke and John Falls that it was unnecessary to be assigned to active duty by the commanding officer to be considered to be "on duty." Upper Darby's rules state that a commanding officer *may* assign an officer to duty, not *shall*. Defendant argued that Rorke admitted that he was acting as a concerned parent; that the commanding officer, Lt. D'Alessio, was available to Rorke at all times; that Rorke never received authorization from D'Alessio. However, this evidence was contradicted at trial. Testimony also revealed that Rorke felt he was acting as a police officer as well as a parent. Additionally, Mr. Falls testified that it was not necessary to be assigned by the commanding officer to be considered "on duty." Since it was disputed at trial whether or not Rorke was "on duty" or acting as a civilian, the issue was properly left to the jury. This court respectfully requests that our order denying defendant's post-trial motions be affirmed.