## Bersch, Appellant, *v.* Rust, Trustee.

*Equity—Deeds — Fraud—Bill to reconvey — Insufficient averments—Unpaid consideration—Remedy at law—Attorney and client.*

1. It is not fraudulent per se for an attorney to take a deed from his client.

2. A bill in equity to compel the reconveyance of certain real estate which had been conveyed by plaintiff to his attorney in payment for services and by him assigned for the benefit of his creditors, was properly dismissed where the fraud relied on as entitling plaintiff to relief was but an inference drawn from the fact that the real estate was worth more than the attorney's services.

3. In such case if any part of the consideration money was unpaid the plaintiff had an adequate remedy at law.

Argued April 14, 1915. Appeal, No. 264, Jan. T., 1914, by plaintiff, from decree of C. P. Luzerne Co., Oct. T., 1913, No. 14, in equity, refusing to decree a reconveyance of real estate, in case of John Bersch v. Harold N. Rust, Trustee for the benefit of Creditors of W. L. Raeder. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Bill in equity for the reconveyance of real estate.

The facts appear in the following opinion of WOODWARD, J., on hearing on bill and answer:

The bill in this case prays for the reconveyance by the defendant to the plaintiff of certain lots of land, situated in Plymouth Township and Edwardsville Borough, Luzerne County, Pennsylvania, part of a tract of land sold by the plaintiff and his wife to W. L. Raeder, who was

attorney for them at the time of the sale, on account of the failure of the consideration. The bill also asks for an accounting, which is incidental and dependent upon the right to a reconveyance.

The answer admits the important facts recited in the bill, but denies any fraud, and denies the jurisdiction of equity because the plaintiff has a complete remedy at law, and because his suit should have been brought at law, thus raising the question of jurisdiction in limine, under the provisions of the Act of June 7, 1907, P. L. 440.

On February 26, 1907, the plaintiff and his wife, Emma Bersch, conveyed to W. L. Raeder all the interest of Emma Bersch, being an undivided one-fourth interest in certain lands in Plymouth Township and Edwardsville Borough.

The consideration for the deed was one dollar (and other good and valuable considerations), a copy of the deed being attached to the plaintiff's bill as Exhibit B.

The nature of the "other good and valuable considerations" is disclosed by plaintiff's Exhibit C, which is an agreement between the plaintiff and his wife and W. L. Raeder, bearing the same date as the deed, to wit; February 26, 1907, but which was never recorded, in which W. L. Raeder agrees to pay to Mary E. Keller a certain dower interest which Mary E. Keller had in a piece of land in the Borough of Kingston (no part of the land conveyed to Raeder), and that W. L. Raeder should remit any charges for attorney's fees he had against the plaintiff's wife, Emma Bersch, for any and all services rendered to them incident to the property conveyed and also for any services rendered to them relative to the property in Kingston.

Emma Bersch, the plaintiff's wife, died on December 5, 1911, after this conveyance to Raeder, and bequeathed and devised all her property to the plaintiff, John Bersch.

W. L. Raeder became financially embarrassed and

made an assignment of all his property, including the land described in the deed of February 26, 1907, to the defendant, Harold N. Rust, as trustee for his creditors, no mention having been made in this assignment of the nature of the "other good and valuable considerations" mentioned in the deed from Bersch to Raeder, and the agreement, in which the nature of the "other good and valuable considerations" is disclosed, not having been recorded, so that the land described in the deed passed to the creditors without any knowledge on their part that the conveyance was not absolute as between the plaintiff and W. L. Raeder, as it appeared on its face.

Nevertheless, the trustee for creditors takes only the title of the assignor subject to any liens or equities and if the plaintiff were entitled to a reconveyance the assignment would not stand in his way. The plaintiff has his remedy at law against W. L. Raeder for any balance of the consideration unpaid, and the fact that Raeder is insolvent, and that any judgment recovered against him in such action would be uncollectible, is not sufficient in itself to give equity jurisdiction.

"It is not a sufficient reason for the interference of a court of equity that the defendant is insolvent; and that therefore a remedy at law may be unsuccessful. Insolvency alone is not a ground for equitable interference." Heilman v. Union Canal Co., 37 Pa. 100.

The facts stated above are all set forth in the bill and admitted in the answer, the only allegation in the bill denied by the answer is one of fraud. The allegation is that the deed was not fairly and honestly obtained because Raeder was counsel for Emma Bersch and the real estate was worth more than his services, but this is not sufficient, because it is not fraudulent per se for an attorney to take a deed direct from his client, and the remission of his claim for services was only a part of the consideration for the deed. The allegation of fraud is not sufficiently specific to sustain the bill on that ground alone.

1915.]    Assignment of Error—Opinion of the Court.

For these reasons, the bill is dismissed and the cause is certified to the law side of the court at the cost of the plaintiff.

The court dismissed the bill.  Plaintiff appealed.

*Error assigned* was the decree of the court.

· *Burton W. Davis,* with him *G. Fred Lazarus,* for appellant.

*F. W. Wheaton;* for appellee.

PER CURIAM, May 17, 1915:

This bill was for the reconveyance of real estate. The court below held that the averment of fraud was not sufficiently specific to sustain the bill, and that the plaintiff had an adequate remedy at law against W. L. Raeder for any unpaid balance of the consideration money.  For these reasons the bill was properly dismissed and the cause certified to the law side of the court.

Appeal dismissed at appellant's costs.