483 A.2d 881

V. Pinnock BAILEY, III, William Geppert and
Joseph Geppert, Appellants

v.

GIRARD BANK and Alexander E. Wolfington and
Wolfington-Chestnut Associates.

Superior Court of Pennsylvania.

Submitted July 10, 1984.

Filed Oct. 26, 1984.

Charles J. King, Jr., Norristown, for appellants.

Louis J. Sinatra, Blue Bell, for Girard BK, appellee.

Donald K. Joseph, Philadelphia, for Wolfington, appellees.

Before WIEAND, OLSZEWSKI and POPOVICH, JJ.

WIEAND, Judge:

May the holder of a second mortgage obtain injunctive relief which restrains an assignment of funds which the mortgagor is entitled to receive on grounds that the assignment will render the mortgagor-assignor unable to comply with the terms of the first mortgage and thereby impair the security of the second mortgage? The trial court sustained preliminary objections in the nature of a demurrer and entered judgment in favor of the mortgagor and its assignee. We affirm.

The plaintiffs, V. Pinnock Bailey, III, William Geppert and Joseph Geppert, conveyed premises known as 100–102 Chestnut St. and 108 South Front St., Philadelphia, to Alexander Wolfington and Wolfington-Chestnut Associates, a limited partnership, for $600,000.00 plus one-half the profits to be derived from development of the premises as a residential and commercial project. The sum of $50,000.00 was made as a down payment; the balance was due in November, 1982. A mortgage was given to the plaintiffs to secure the payment of the balance. This mortgage, however, was subordinated to a construction mortgage intended to secure funds which Germantown Savings Bank agreed to advance for construction purposes. The loan agreement

required the mortgagor to maintain a construction fund which, with moneys to be advanced by the Germantown Bank, would always remain in an amount sufficient to complete the project. The mortgage held by plaintiffs was also subordinated to an easement for historic preservation made to obtain a grant from the Pennsylvania Historic and Museum Commission for construction and rehabilitation of the building's facade. Instead of placing the proceeds of this grant into the construction fund, the mortgagor-developer made an assignment thereof to Girard Bank. The consideration for this assignment, if any, has not been alleged. Plaintiffs do allege, however, that the assignment, if completed, will make it impossible for the assignor to maintain the construction fund in an amount adequate to comply with the terms of the loan agreement. They also allege that the holder of the first mortgage, Germantown Savings Bank, has given notice of default to the mortgagor-developer because the construction fund contains inadequate funds.

The present action in equity was brought to enjoin Girard Bank, the assignee, from receiving the proceeds of the Historic Commission's grant. It also sought to have Wolfington and Wolfington-Chestnut Associates declared constructive trustees of the grant and enjoined from assigning the grant or otherwise diverting the proceeds thereof from the cost of developing the land. Unless an injunction were issued, plaintiffs contended, the first mortgage would be foreclosed, with a resulting divestiture of their second mortgage. Girard Bank filed preliminary objections in the nature of a demurrer. It contended that plaintiffs had failed to state a cause of action and that, in any event, plaintiffs had an adequate remedy at law. Wolfington and Wolfington-Chestnut Associates also filed preliminary objections. On February 4, 1982, the trial court sustained preliminary objections and dismissed the complaint with prejudice. An opinion filed by the trial court after an appeal had been taken discloses the court's belief that plaintiffs have an adequate remedy at law and also that no cause of action

exists against the mortgagor-developer unless the balance due plaintiffs is not paid when due in November, 1982.

Plaintiffs argue on appeal that the provisions of Pa.R. C.P. 1509(c) prohibit the dismissal of a complaint in equity solely because an adequate remedy exists at law.[1]  In such case, the rule provides, the action must be certified to the law side of the Court.  Although this statement of the rule is unquestionably correct, it has no application in this matter because plaintiffs have failed to state a cause of action either at law or in equity.

The only relief requested by plaintiffs' complaint is the grant of an injunction restraining the assignment of the Historic Museum grant by the mortgagor-developer to Girard Bank and requiring that the grant proceeds be used for construction purposes.  No claim for damages has been made against either party defendant.  Plaintiffs in actuality are anticipating and seek to enjoin a default in the terms of a separate, first mortgage to which they are not a party.

When plaintiffs commenced their action against defendants, they were not yet entitled to receive payment of the principal indebtedness secured by the second mortgage. The developer-mortgagor owed no moneys to plaintiffs until November, 1982.  Plaintiffs' remedy, if a default then occurred, was to foreclose the second mortgage.  The damages recoverable were those defined in that mortgage.

It is also clear that the relationship between Girard Bank and the plaintiffs is merely incidental.  Girard Bank is not contractually obligated in any way to the plaintiffs who hold the second mortgage;  and plaintiffs have not alleged a cause of action against the bank in tort.  Plaintiffs do not assert that the assignment of the Historic Museum's grant was wrongful or that Girard Bank is part of a conspiracy with plaintiffs to defraud either plaintiffs or the Historic Museum.

---

1.  Pa.R.C.P. 1509(c) provides as follows:
"The objection of the existence of a full, complete and adequate non-statutory remedy at law shall be raised by preliminary objection.  If the objection is sustained, the court shall certify the action to the law side of the court.  If not so pleaded, the objection is waived."

Finally, it is clear that the assignment of the grant does not violate any term or condition contained in the second mortgage. The only mortgage provision alleged to have been violated is the one contained in the loan agreement between Germantown Savings Bank and the mortgagor-developer which requires the maintenance of a construction fund. Plaintiffs were not parties to that agreement, and it is clear that they were not intended to be third party beneficiaries thereof. Although plaintiffs have alleged that if the grant monies are not placed in the construction fund, the mortgagor-developer will not be able to maintain the construction fund at the level required by the mortgagee bank, that can only be a violation of contractual rights held by the first mortgagee. Even the first mortgage and supporting loan agreement, however, contain no requirement that the grant proceeds be paid into the construction fund. The source of the moneys to be placed in the construction fund by the mortgagor has not been predetermined by agreement.

Under these circumstances, can plaintiffs enjoin the assignment of the grant because of the possibility that it will precipitate a foreclosure of the first mortgage? Can the holder of a second mortgage enjoin a default by the mortgagor in the terms of a first mortgage on grounds that a foreclosure of the first mortgage will divest the lien of the second mortgage. We hold that no such cause of action exists.

■ The law has long held that potential insolvency, in the absence of a contractual provision to the contrary, is not enjoinable. Thus, in *Willing v. Mazzocone*, 482 Pa. 377, 393 A.2d 1155 (1978), the Supreme Court held:

In Pennsylvania the insolvency of a defendant does not create a situation where there is no adequate remedy at law. In deciding whether a remedy is adequate, it is the remedy itself, and not its possible lack of success that is the determining factor. *Bersch v. Rust, Trustee*, 249 Pa. 512, 95 A. 108 (1915). "The fact, if it be so, that this remedy may not be successful in realizing the fruits of a

recovery at law, on account of the insolvency of the defendants is not of itself [a] ground of equitable interference." *Heilman v. Union Coal Co.*, 37 Pa. 100, 104 (1860).

*Id.*, 482 Pa. at 383, 393 A.2d at 1158.

■ In the instant case, the moneys due plaintiffs and secured by the second mortgage were not due until November, 1982.[2] If a default occurs in the payment thereof, plaintiffs' remedy is to foreclose its mortgage. If, in the meantime, the first mortgage is foreclosed, plaintiffs are not powerless to protect themselves. They can protect their investment in precisely the manner anticipated when they agreed to subordinate the lien of their mortgage to that of the Germantown Savings Bank. They can adopt and follow appropriate bidding procedures. In the meantime, they cannot interfere with the mortgagor's legitimate business dealings with third persons because of the potential effect they may have on the mortgagor's ability to pay sums secured by the first mortgage.

The order sustaining preliminary objections and dismissing the complaint is affirmed.

<hr />

2. This appeal was not argued orally; it was submitted on briefs. The briefs do not disclose and we have no way of knowing whether the moneys due in November, 1982 have now been paid.