591 A.2d 324

**S.D. BOWERS, INC., Bowers Coal, Inc., Tri–Us Distributors, Samuel D. Bowers and Fredalene Bowers, Appellants,**

**v.**

**NATIONAL BANK OF THE COMMONWEALTH, Appellee.**

Superior Court of Pennsylvania.

Argued March 21, 1991.

Filed May 29, 1991.

Joseph S. D'Amico, Jr., Pittsburgh, for appellants.

Debra H. Dermody, Pittsburgh, for appellee.

Before ROWLEY, President Judge, and WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

This appeal is from an order of the court in Westmoreland County which denied a motion for a temporary injunction which would have barred the defendant from executing on a valid judgment in Indiana County. After careful review, we affirm.

Samuel and Fredalene Bowers, guarantors on a business loan, filed an action in Westmoreland County individually and on behalf of several family owned corporate coal businesses, S.D. Bowers, Inc., Bowers Coal, Inc., and Tri–Us Distributors, which are the principal debtors, alleging improper conduct on the part of the National Bank of the Commonwealth (The Bank) in connection with a 1984 loan agreement, which had been executed in Indiana County.

They sought an accounting, damages and a special injunction which would prevent the Bank from executing on a confessed judgment in Indiana County against business and individual assets. This judgment had been entered in 1984 and was subsequently revived.[1]  A hearing was held on plaintiffs' special request for an injunction, following which the court denied the request.  Plaintiffs appealed.

In reviewing the denial of a preliminary injunction, an appellate court will not inquire into the merits of the controversy but will examine the record to determine if there were any apparently reasonable grounds for the trial court's action. *Ogontz Controls Co. v. Pirkle*, 346 Pa.Super. 253, 257, 499 A.2d 593, 595 (1985), citing *Sidco Paper Co. v. Aaron*, 465 Pa. 586, 351 A.2d 250 (1976); *Three County Services, Inc. v. Philadelphia Inquirer*, 337 Pa.Super. 241, 486 A.2d 997 (1985).  The trial court's order denying a preliminary injunction will not be reversed unless there has been a clear abuse of discretion or an error of law. *Stander v. Kelley*, 432 Pa. 1, 246 A.2d 649 (1968); *Buttonwood Farms, Inc. v. Carson*, 329 Pa.Super. 312, 478 A.2d 484 (1984).

In *Albee Homes, Inc. v. Caddie Homes, Inc.*, 417 Pa. 177, 207 A.2d 768 (1965), the Supreme Court set forth prerequisites for the issuance of a preliminary injunction as follows:

[F]irst, that it is necessary to prevent apparent immediate and irreparable harm which could not be compensated by damages;  second, that greater injury would result by refusing it than by granting it;  and third, that it properly restores the parties to their status as it existed immediately prior to the alleged wrongful conduct. *Alabama Binder & Chemical Corp. v. Pennsylvania Industrial Chemical Corp.*, [410 Pa. 214, 189 A.2d 180], *supra.* Even more essential, however, is the determination that the activity sought to be restrained is actionable, and that the injunction issued is reasonably suited to abate such

---

1. Presently pending in the Indiana County Court of Common Pleas is an action to conform the confessed judgment pursuant to Pa.R.C.P. 2981, which is a prerequisite to the issuance of execution.

activity. And unless the plaintiff's right is clear and the wrong is manifest, a preliminary injunction will not generally be awarded: *Keystone Guild, Inc. v. Pappas,* 399 Pa. 46, 159 A.2d 681 (1960), and *Herman v. Dixon,* 393 Pa. 33, 141 A.2d 576 (1958).

*Id.* 417 Pa. at 181, 207 A.2d at 770. See also: *Singzon v. Commonwealth, Dept. of Public Welfare,* 496 Pa. 8, 11, 436 A.2d 125, 127 (1981).

After careful review of the record we discern no abuse of discretion or error of law in the trial court's order. Appellants' unadjudicated and unliquidated claim for damages against the Bank is an inadequate basis on which to enjoin or stay appellee's execution on a final judgment in Indiana County. Not only is it uncertain that appellants' unliquidated claim will be resolved in its favor, but appellee's attempt to enforce a valid judgment is not a wrongful act which can be enjoined. Cf. *Bailey v. Girard Bank,* 334 Pa.Super. 563, 567, 483 A.2d 881, 883 (1984). The judgment is within the jurisdiction of the court in Indiana County where appellants, if they have an adequate basis for doing so, may request the court to stay execution. "The court which has rendered a judgment may, within its discretion and in order to prevent injustice, stay an execution." 13 Std.Pa.Prac. § 76:7. See: *Wilner v. Croyle,* 214 Pa.Super. 91, 95, 252 A.2d 387, 389 (1969) ("Executions have traditionally been within the equitable control of the court from which they issued"). It would be unseemly, however, for the courts in one county to seek to control execution on a judgment validly entered in another county. We conclude, therefore, that the trial court had reasonable grounds for refusing appellants' request for a special injunction.

Order affirmed.