655 A.2d 1035

DiLUCENTE CORPORATION and Allegheny
Surety Co., Appellants,

v.

PENNSYLVANIA ROOFING CO., INC., and The
American Arbitration Association, Appellees.

Superior Court of Pennsylvania.

Argued Nov. 15, 1994.

Decided Jan. 31, 1995.

Reargument Denied April 5, 1995.

Timothy P. O'Reilly, Pittsburgh, for appellants.

Andrew L. Horvath, Pittsburgh, for appellees.

Before ROWLEY, P.J., and HUDOCK and CERCONE, JJ.

HUDOCK, Judge:

This is an appeal from the order of the trial court which denied DiLucente Corporation's (DiLucente) motion for a preliminary injunction which sought to enjoin an arbitration hearing. We affirm.

The underlying action arose from a contract dispute between a general contractor, DiLucente, and a subcontractor, Pennsylvania Roofing Co., Inc., also known as Pennsylvania Roofing Systems, Inc. (Roofing), relative to construction work performed by the latter pursuant to a contract dated November 1, 1993. The contract included an arbitration clause, which reads in pertinent part:

## ARBITRATION

30. In case of any dispute or disagreement under this agreement, or with respect to any other work performed on the job site, **it is agreed that such dispute shall be submitted to the American Arbitration Association** under the rules then pertaining to contractors or construction disputes. No law suit or any other action at law may be

substituted without first complying with the terms of this arbitration provision.

Should any dispute or controversy whatsoever arise between the Contractor and Subcontractor, ... then Subcontractor shall follow all of the provisions of the contract documents with respect to conditions precedent to the making of claims and shall give twenty (20) days written notice to Contractor of Subcontractor's intent to resort to legal action; in which case Contractor, by mailing a notice within said twenty (20) day period, may elect to require the said Subcontractor or parties who contract with him to proceed pursuant to the American Arbitration Association Construction Industry Rules, in which case the judgment and award rendered by the arbitrators may be entered in any court having jurisdiction thereof; and should Contractor not elect to proceed through American Arbitration Association Rules, the Subcontractor and parties who contract with him shall then be limited to an action at law initiated in either Allegheny County or the site where the project is to be constructed, at the election of the contractor. In any event, regardless of any election, Contractor may at any time demand that Subcontractor be limited to the type of action to which the Contractor is limited, whether legal or by arbitration, if the contractor avers that another party is liable over to him for claims by this Subcontractor. Contractor may initiate an action against the Subcontractor in arbitration, law, or equity, at its option, and Subcontractor agrees that the various courts located in Allegheny County, Pennsylvania, or the site where the project is located, at the election of the Contractor, shall have jurisdiction of both the person and matter alleged in any complaint, and any arbitration shall be within the Pittsburgh district, unless Contractor desires to file elsewhere. The Subcontractor shall carry on the work and maintain the progress scheduled during any arbitration proceedings, unless otherwise agreed by Subcontractor and Contractor in writing.

Subcontract Agreement, 11/1/93, ¶ 30 (emphasis added).

■ Pursuant to this clause, Roofing gave DiLucente written notice on February 2, 1994 of its intention to proceed to

arbitration if their dispute remained unresolved. On March 15, 1994, Roofing filed a Demand for Arbitration with the American Arbitration Association (AAA). By letter dated March 21, 1994, DiLucente raised a qualified objection to arbitration of the underlying dispute. By letter dated April 1, 1994, the AAA set a hearing date of May 25, 1994 on the underlying contractual dispute. On May 2, 1994, DiLucente filed a Complaint in Equity in the Court of Common Pleas of Allegheny County, at GD94–7283, seeking to stay the scheduled AAA arbitration proceeding. On May 6, 1994, Roofing filed preliminary objections to DiLucente's complaint. On May 13, 1994, DiLucente filed a motion for injunction seeking to enjoin arbitration proceedings. On that same day, oral argument was held before the trial court on Roofing's preliminary objections and DiLucente's motion for injunction, after which the trial judge denied DiLucente's motion. On May 19, 1994, DiLucente filed an appeal to this Court.[1]

Before reaching the merits of DiLucente's appeal we must determine whether it is interlocutory. Roofing claims that the May 13, 1994 order appealed from was interlocutory since DiLucente's motion for preliminary injunction was more in the nature of a petition requesting a stay of arbitration. Roofing relies on prior case law which held that an order compelling arbitration and staying court action is interlocutory since it "forces the parties into, rather than out of, court." *Gardner v.*

---

1. On May 25, 1994, and June 28, 1994, hearings were conducted by the AAA on the underlying contract dispute. An award in favor of Roofing and against DiLucente in the amount of $30,000 was entered on July 14, 1994. On August 15, 1994, DiLucente filed an application to vacate the arbitration award in the Court of Common Pleas of Allegheny County at GD94–13141. The next day, Roofing filed a petition to confirm the arbitration award and enter judgment in the Court of Common Pleas of Allegheny County at GD94–13141. On September 2, 1994, an order was entered consolidating the two actions and scheduling oral argument on both the application and petition for September 27, 1994. Thereafter, an order was entered staying all matters until the present appeal is determined. We note that these additional facts are not of record and cannot affect our decision on appeal. An appellate court may not consider any material submitted in a party's brief which has not been duly certified in the record. *Starr v. Zdrok & Zdrok, P.C.,* 419 Pa.Super. 60, 64–65, 614 A.2d 1209, 1212 (1992).

*Prudential Insurance Co.*, 332 Pa.Super. 358, 359, 481 A.2d 654, 655 (1984).

■ We cannot agree with Roofing's analysis. DiLucente followed proper procedure when filing a motion for injunctive relief. This Court has previously held that a trial court possesses subject matter jurisdiction to issue injunctive relief enjoining arbitration, prior to a determination of whether the underlying dispute is arbitrable. *Langston v. National Media Corporation*, 420 Pa.Super. 611, 616–19, 617 A.2d 354, 357–58 (1992).[2]

Having concluded that DiLucente could properly seek injunctive relief to enjoin the arbitration, we refer to Pa.R.A.P., Rule 311(a)(4), 42 Pa.C.S., which states that an appeal may be taken as of right from an order refusing an injunction. Accordingly, DiLucente's appeal is not interlocutory and we may now address whether the trial court properly denied the preliminary injunction.

■ A preliminary injunction is an interim measure designed to preserve the status quo and protect the parties until a final hearing is held. *Soja v. Factoryville Sportsmen's Club*, 361 Pa.Super. 473, 477, 522 A.2d 1129, 1131 (1987). Injunctive relief is considered an extraordinary equitable remedy and may only be granted if the plaintiff has established a clear right to the relief requested. *Id.* The party seeking the injunction must establish that "there is an urgent necessity for interim relief before the case can be heard on the merits" and that immediate and irreparable harm, which cannot be compensated by damages, will result if the injunction is denied.

2. We recognize that the contract in dispute in *Langston* was governed by the Uniform Arbitration Act, 42 Pa.C.S. § 7301 *et seq.* The contractual dispute in the present appeal, however, is governed by rules of common law arbitration since the parties' contract does not expressly provide for arbitration under the Uniform Act. *See Dearry v. Aetna Life & Casualty Insurance Company*, 415 Pa.Super. 634, 637, 610 A.2d 469, 471 (1992). We do not find that this distinction changes the decision in *Langston*. The trial court could properly grant DiLucente's motion for injunctive relief provided it established the prerequisites for such equitable relief.

*Id.* Furthermore, the plaintiff must demonstrate that greater injury would result by refusing the preliminary injunction than by granting it. *John G. Bryant Company, Inc. v. Sling Testing and Repair, Inc.*, 471 Pa. 1, 7, 369 A.2d 1164, 1167 (1977) (citation omitted).

When reviewing the denial of a preliminary injunction, this Court will not inquire into the merits of a controversy, but will examine the record to determine if any apparently reasonable grounds exist for the trial court's action. *S.D. Bowers, Inc. v. National Bank of the Commonwealth*, 404 Pa.Super. 512, 513, 591 A.2d 324, 325 (1991). We will not reverse the trial court's order denying a preliminary injunction unless there has been a clear abuse of discretion or an error of law. *Id.*

DiLucente must prove that it has a clear right to enjoin the arbitration proceeding before it is entitled to injunctive relief. Absent an express agreement between the parties to submit their disputes to arbitration, a court may not compel arbitration. *Hoffman v. Gekoski*, 250 Pa.Super. 49, 53, 378 A.2d 447, 448 (1977). Furthermore:

> When one party to an agreement to arbitrate seeks to enjoin the other from proceeding to arbitration, judicial inquiry is limited to the questions of whether an agreement to arbitrate was entered into and whether the dispute involved falls within the scope of the arbitration provision. In accordance with the general policy favoring the arbitration of contractual differences, an order enjoining arbitration of a particular grievance should not be granted unless it can be said with positive assurance that the agreement involved is not susceptible of an interpretation that covers the asserted dispute.

*Sanitary Sewer Authority of the Borough of Shickshinny v. Dial Associates Construction Group, Inc.*, 367 Pa.Super. 207, 210–11, 532 A.2d 862, 863–64 (1987) (citations omitted). In addition, when parties agree to arbitration in a clear and

unmistakable manner, the court will make every reasonable effort to favor such agreements. *Hassler v. Columbia Gas Transmission Corporation,* 318 Pa.Super. 302, 307, 464 A.2d 1354, 1357 (1983).

In order to resolve whether DiLucente had a clear right to enjoin arbitration, we must examine the express language of the contract to ascertain the parties' intent. "Arbitrability of an issue is to be determined by the intention of the parties as ascertained in accordance with the rules governing contracts generally." *PBS Coal, Inc. v. Hardhat Mining, Inc.,* 429 Pa.Super. 372, 377–78, 632 A.2d 903, 905 (1993). Moreover, "[t]o ascertain the intent of the parties, a court must first look to the four corners of the document—the express language of the contract." *Id.*

Paragraph 30 of the parties' contract provides that in case of any dispute between DiLucente and Roofing, the parties agree that "such dispute **shall be submitted** to the American Arbitration Association." (emphasis added). According to the plain meaning of this clause, DiLucente agreed that all claims arising out of the contract would be subject to arbitration. The remainder of the arbitration clause gives Roofing the option to file a lawsuit in the Court of Common Pleas of Allegheny County which DiLucente could accept or reject. In the event that Roofing chooses to file a legal action in court and it notifies DiLucente of its choice, DiLucente may disapprove of Roofing's choice and force Roofing to proceed in arbitration.

We disagree with DiLucente's interpretation of the arbitration clause that "[t]he case goes to Court unless DiLucente elects otherwise." DiLucente's Brief, at p. 7. Our interpretation of the clause is that Roofing must submit its claim to arbitration unless it notifies and receives DiLucente's approval to pursue the claim in court.

In the present case, Roofing did not choose the option of filing a lawsuit in court. Rather, it notified DiLucente that it

intended to file a demand for arbitration. According to the terms of the contract, DiLucente could not object to this choice. Only when Roofing sought to file a suit in court could DiLucente overrule its decision and force Roofing into arbitration.

 Based on the plain meaning of the arbitration clause, DiLucente agreed that Roofing must submit its contractual disputes to arbitration unless it first received DiLucente's approval to proceed in court. Therefore, we conclude that DiLucente is bound by the terms of the arbitration clause which it willingly entered. We conclude that the trial court was correct in denying DiLucente's request for injunctive relief since it was not clearly entitled to enjoin arbitration.[3]

Order affirmed.

---

**3.** Although we affirm the trial court's order denying DiLucente's motion for an injunction, we do so for a different reason. An appellate court is permitted to affirm the actions of a trial court for reasons other than those proffered by the trial court hearing such matter. *Soloski v. Hetrick*, 396 Pa.Super. 140, 154, n. 8, 578 A.2d 445, 453, n. 8 (1990). According to the trial court's interpretation of the arbitration clause, DiLucente had twenty days from the date it received Roofing's notice of intent to file a claim in arbitration to object to such forum. Since DiLucente failed to object to Roofing's decision to file a claim in arbitration within twenty days, it waived its right to challenge arbitration. Although we disagree with this interpretation, we reach the same result that DiLucente may not challenge Roofing's decision to file a claim in arbitration.