J-A15008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HAINES & ASSOCIATES, P.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AHLAM KHALIL | : | |
| | : | |
| Appellant | : | No. 1531 EDA 2020 |

Appeal from the Order Entered June 16, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 160702463

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:              **FILED SEPTEMBER 10, 2021**

Ahlam Khalil, M.D., appeals from the June 16, 2020 order that denied her motion to stay all proceedings related to execution of the judgment entered in this case against her and in favor of Appellee Haines & Associates, P.C. ("Haines").[1]  We affirm.

This Court offered the following history of this case in a prior appeal:

---

[1] Although the order is dated June 11, 2020, it was not served in accordance with Pa.R.C.P. 236 until June 16, 2020.  Consequently, the date of the order for purposes of appeal was June 16, 2020.  **See** Pa.R.A.P. 108(a) (providing, in pertinent part, that the date of entry of an order is "the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties").  Furthermore, as the litigation has concluded as to all claims and all parties but for execution upon the judgment, the trial court's order denying a stay of execution is final and appealable.  **See Morgan Guar. Tr. Co. of New York v. Staats**, 631 A.2d 631, 633 (Pa.Super. 1993) (reviewing decision to deny stay where only execution upon judgment remained pending).

In 2007, Dr. Khalil's condominium was flooded. Protracted negotiations with her insurance company as to property damage, other losses, and allegations of bad faith resulted in her insurer offering to pay her $1.5 million to settle all of her claims. However, the proposed settlement agreement included an indemnification provision that Dr. Khalil refused to accept. In May 2015, Dr. Khalil retained Haines to negotiate the collateral terms of the agreement with the insurance company to finalize the settlement.

Haines sent Dr. Khalil a written contingency fee agreement providing that if it resolved the matter for her prior to the filing of a complaint, its fee would be $400 per hour. The document further indicated that if Haines obtained a recovery for her after a complaint was filed, its potential fees would be capped at $20,000. If Haines was unable to secure any form of recovery, Dr. Khalil would be responsible for no legal fees at all. Dr. Khalil did not execute the agreement as drafted, but rather hand-wrote in additional terms before signing and returning it to Haines. Haines maintained that it did not accept the fee arrangement as altered by Dr. Khalil, but it nonetheless continued its representation of Dr. Khalil.

After nearly a year of negotiations, the insurance company persisted in its refusal to omit the objectionable indemnification language, and it threatened to withdraw the settlement offer completely if Dr. Khalil did not promptly accept it. Haines strenuously advised Dr. Khalil to take the $1.5 million. When she refused, Haines unsuccessfully petitioned to have a guardian appointed to make the decision on her behalf. Furious with her attorney's allegations that she was incompetent, Dr. Khalil fired Haines. Haines submitted an invoice to Dr. Khalil detailing its out-of-pocket expenses and 114.11 hours of billable work it had performed on her behalf. Overall, Haines requested a total payment of $46,233. Dr. Khalil declined to pay.

In July 2016, Haines filed a complaint alleging that it was entitled to recover its costs and fees under the competing theories of breach of contract or *quantum meruit*. The case ultimately proceeded to trial, at which Dr. Khalil defended on the basis that the parties had a contingency fee arrangement, and that because the contingency—Haines's resolution of her dispute with her insurance company—never occurred, she owed Haines no fees. The trial court granted Dr. Khalil's motion for a directed verdict as

to the *quantum meruit* claim, but the jury ultimately found for Haines on the breach of contract claim and awarded $46,233.

*Haines & Associates, P.C. v. Khalil*, 236 A.3d 1086 (Pa.Super. 2020) (non-precedential decision at 1-3) (citation omitted).

Dr. Khalil appealed, seeking a new trial. While the appeal was pending before this Court, Haines filed a motion to compel Dr. Khalil to respond to Haines's interrogatories in aid of execution of the judgment. Therein, Haines noted that Dr. Khalil had not posted security in accordance with Pa.R.A.P. 1731(a) or take any other action to secure a supersedeas which would preclude it from executing upon its judgment. **See** Post Judgment Motion to Compel, 2/18/20, at ¶ 5-6.

Dr. Khalil responded with a motion to stay all proceedings related to execution. She noted that her appeal remained pending before this Court, that another action between Haines and her was also pending, and that the underlying litigation against Travelers Indemnity Company ("Travelers") likewise remained pending on appeal. Regarding the other case involving Haines, Dr. Khalil stated:

> That case has a projected trial date of October, 2020 and involves the malpractice of [Haines] and other claims against [it] and, consequently, involves the same parties as those found in this litigation. Further, the ultimate resolution of both the issues on appeal as well as the other litigation may conflict with the verdict in this case. In other words, Haines obtained a judgment for legal fees but is being sued separately for his handling of the very matter for which he claimed the fees.

Motion to Stay, 3/17/20, at ¶ 7 (emphasis omitted). Dr. Khalil supported her request by noting that several other Philadelphia County judges had granted stays in litigation between Dr. Khalil and her condominium association until the conclusion of her action against Travelers. *Id*. at ¶ 8 and Exhibit B.

On April 9, 2020, this Court affirmed the judgment entered upon the jury verdict in favor of Haines. *See Haines & Assoc*., *supra*. Noting the resolution of the appeal, the trial court denied Dr. Khalil's motion to stay. Dr. Khalil filed a motion for reconsideration, raising for the first time the argument that execution should be stayed until the Travelers action concluded because her fee agreement with Haines was contingent upon the resolution of that case. However, Dr. Khalil filed a timely notice of appeal before the trial court ruled upon the reconsideration motion.[2] Thereafter, both Dr. Khalil and the trial court complied with Pa.R.A.P. 1925.

Dr. Khalil states the following question for our consideration: "Did the Court of Common Pleas abuse its discretion in denying [Dr. Khalil]'s motion to stay proceedings relating to execution of the judgment previously entered against her in the lower court?" Dr. Khalil's brief at 1.

We begin with a review of the pertinent legal principles.

> The grant of a stay of execution is within the sound discretion of the trial court and its decision will not be disturbed absent a clear abuse of that discretion. A court, in exercising this power, should not stay an execution unless the facts warrant an

---

[2] The trial court purported to deny the reconsideration motion by order dated July 20, 2020.

- 4 -

exercise of judicial discretion. Appellate review of equitable matters is limited to a determination of whether the trial court committed an error of law or abused its discretion.

***Gleit v. Nguyen***, 199 A.3d 1240, 1246 (Pa.Super. 2018) (cleaned up).

"A court in which execution proceedings are pending has an inherent right to stay the proceedings where it is necessary to protect the rights of the parties." ***Keystone Sav. Ass'n v. Kitsock***, 633 A.2d 165, 167 (Pa.Super. 1993). Such stays of execution of a money judgment are governed by Pa.R.C.P. 3121, which provides as follows in relevant part:

Execution may be stayed by the court as to all or any part of the property of the defendant upon its own motion or application of any party in interest showing

(1) a defect in the writ, levy or service; or

(2) any other legal or equitable ground therefor.

Pa.R.C.P. 3121(b). This Court has explained that, "[i]n order to merit a stay of execution, the law and equities in the case of the party seeking relief must be plain and free from doubt or difficulty." ***Morgan Guar. Tr. Co. of New York v. Staats***, 631 A.2d 631, 635 (Pa.Super. 1993).

Dr. Khalil contends that the trial court abused its discretion in denying her a stay of execution in this case because "the judgment should have been stayed in light of the pendency of" her legal malpractice action against Haines. Dr. Khalil's brief at 13. She argues that, since the other case involves not only the same parties, but also the same facts, namely, Haines's representation in negotiation of a settlement with Travelers, the judgment in

this case may be cancelled out in whole or in part by a judgment in the other case. *Id*. at 13-14. Dr. Khalil further suggests that "[i]mmediate enforcement of the judgment against [her] would result in hardship to her" because it would "result in the dissipation or elimination of Dr. Khalil's ability to enforce any judgment she obtains" in the other action. *Id*. at 13, 16.

Dr. Khalil additionally cites the continued pendency of her claims against Travelers as a basis for staying the execution of this judgment. In addition, she presents the argument that she raised for the first time on reconsideration the argument: that, since her agreement with Haines was contingent upon his negotiating a settlement with Travelers, the parties contemplated that Haines would be paid from the funds she obtained from that litigation. Therefore, Dr. Khalil asserts, "[i]t would be inequitable and contrary to the Fee Agreement that unambiguously sets forth the terms of representation and the parties['] clear intentions" to allow Haines to execute upon its judgment before the Travelers litigation concluded. *Id*. at 15.

Finally, Dr. Khalil claims that the trial court abused its discretion in failing "to apply the governing law." *Id*. at 16. In support, she maintains, based upon the arguments discussed *supra*, that the only equitable decision for the trial court to have reached was that she was entitled to a stay, restating the same arguments discussed above. *Id*.

Dr. Khalil has failed to convince us that the trial court's refusal to grant a stay was an abuse of its discretion. First, it is evident from the trial court's

opinion that it was fully aware of the law applicable to adjudicating her request for a stay. *See* Trial Court Opinion, 12/9/20, at 3-4 (discussing, *inter alia*, Pa.R.C.P. 3121 and **Keystone Sav. Ass'n**, **supra**). The fact that the trial court did not reach the result she desired is not evidence that it failed to apply the governing law.

Second, the fact that Dr. Khalil could possibly recoup some or all of the money Haines will receive in executing upon this judgment if she is successful in her other action does not itself mandate imposition of a stay. Dr. Khalil presented the trial court with no allegations that she is unable to readily satisfy the judgment, or how doing so would impair her ability to litigate her various other lawsuits. Further, she offers no explanation why, if netting out the verdicts was of such importance to her, she did not raise her malpractice claims as counterclaims in this action, or at least move to consolidate her malpractice action with the instant case. Hence, this argument does not establish that the law and equities clearly entitled her to relief. **See Morgan Guar. Tr. Co.**, **supra** at 636 (holding the appellants failed to aver sufficient facts to establish that the equities required imposition of a stay where, *inter alia*, one of their bases for the stay "could have been raised in the original action" but was not). **Accord S.D. Bowers, Inc. v. Nat'l Bank of Commonwealth**, 591 A.2d 324, 326 (Pa.Super. 1991) (ruling that the appellants' "unadjudicated and unliquidated claim for damages" against the judgment holder, in which the appellants might not even prevail, was "an

inadequate basis on which to enjoin or stay appellee's execution on a final judgment").

Next, Dr. Khalil did not invoke the parties' fee agreement in her motion for stay filed in the trial court. She presented that argument for the first time in her motion for reconsideration. *See* Motion for Reconsideration, 7/5/20, at ¶¶ 7-9. We are unable to conclude that the trial court abused its discretion in failing to consider facts and arguments surrounding the fee agreement when they were not raised by Dr. Khalil before the trial court balanced the equities and denied her motion. *Accord Rabatin v. Allied Glove Corp.*, 24 A.3d 388, 391 (Pa Super. 2011) (refusing to consider issues that could have been raised earlier but were raised for the first time in a motion for reconsideration).

Rather, Dr. Khalil in her motion for stay merely referenced the fact that the Travelers case was also on appeal before this Court, and that other trial judges had granted her requests to stay the execution of the judgment conclusion of appellate review. *See* Motion to Stay, 3/17/20, at ¶¶ 11-12. The final resolution of yet another case, one that does not involve Haines and which has already been decided adversely to Dr. Khalil in the trial court, is a less compelling basis for holding that the equities mandated imposition of a stay than the one we have already rejected. We discern no abuse of discretion.

In sum, Dr. Khalil has failed to establish that the trial court committed an abuse of discretion in rejecting her various bases for requesting a stay pursuant to Pa.R.C.P. 3121. Therefore, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2021